## JOHN D. LINDE v. STATE.

No. A-10735.    Feb. 12, 1947.

(177 P. 2d 527.)

See, also, 83 Okla. Cr. 268, 175 P. 2d 370.

Herbert K. Hyde and Lee Williams, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J. The defendant, John Linde, was charged in the court of common pleas in Oklahoma county, Oklahoma, with the offense of illegal possession of intoxicating liquor, in that he did, unlawfully, willfully, and wrongfully have in his possession, a quantity of tax paid whisky in excess of 94 (4/5), with intent, on the part of said defendant, to unlawfully, willfully, and wrongfully, barter, sell, etc., same. To this information, the defendant entered a plea of not guilty. Thereafter, on September 10, 1945, the defendant withdrew his plea of not guilty and entered a plea of guilty. Sentence was deferred to November 15, 1945, and after being continued from time to time, finally came on for further proceedings on November 21, 1945.

On November 21, 1945, the defendant demurred to the information, setting forth, that it was insufficient for the reason that the facts stated did not constitute a public offense. The defendant was permitted to withdraw his plea of guilty for the purpose of presenting a demurrer. The demurrer was thereupon overruled and the plea of guilty re-entered. The minutes then show that the defendant was sentenced to 30 days in the county jail and to pay a fine of $100 and costs. The minutes show the defendant filed his motion for a new trial and the same was presented. The county attorney confessed the motion and the case was set for December 10, 1945. Thereafter, on December 10, 1945, motion to dismiss was filed, setting forth as grounds, that the county attorney had confessed that the information was insufficient. On the same day, a motion in arrest of judgment was filed, setting forth that the information was insufficient to state an offense and the further ground that the county attorney had confessed the defendant's motion for new trial. On the same day, motion for new trial was filed, setting forth as grounds the overruling of the demurrer and the defendant's motion to dismiss. On that same day, the motion to dismiss was overruled as well as the motion in arrest of judgment. The defendant refused to plead further for the reason a plea of guilty had heretofore been entered. Thereupon, the court overruled the defendant's motion for a new trial and the defendant was again sentenced to 30 days in jail, $100 fine, and costs of the action. Whereupon, the defendant gave his notice of intention to appeal to the Criminal Court of Appeals. The making of the case-made was continued from time to time until four months had elapsed. The appeal lodged here and the plaintiff in error's brief was filed in this court on January 25, 1947. The Attorney General's

motion to dismiss was filed five days later on January 30, 1947.

The plaintiff in error contends that the judgment and sentence appealed from is based on information which the state confessed was insufficient to state an offense and that judgment and sentence thereafter pronounced against the defendant was void. The state contends that the appeal is purely dilatory and frivolous and without merit.

The foregoing state of facts, as revealed from the record, constitutes one of legal entanglements but there are certain things that are clear and conclusive. It is first clear and conclusive that the information did define an offense under the statutes of the State of Oklahoma, as set forth in 37 O. S. 1941 § 31, reading in part as follows:

"It shall be unlawful for any person to have or keep in excess of one quart of spirituous, * * * liquors * * *, whether such liquor be intended for the personal use of the person so having and keeping the same or not; [and providing penalties therefor]."

A casual examination of the information discloses that the information is sufficient to define an offense within the foregoing statute.

This being true, the court committed no error in overruling the defendant's demurrer to the information. The record discloses that thereafter the defendant re-entered his plea of guilty, a motion in arrest of judgment was filed, and overruled. We think this action of the court was proper. The record discloses that the defendant was then sentenced to 30 days in jail and to pay a fine of $100 and costs. This judgment and sentence was never vacated or set aside and still stands. Motion for new trial was then filed and presented. Under the provisions of 22 O. S. 1941 § 953, application for a new trial must be made before

judgment is entered, but the court may, for good cause shown, allow application therefor within 30 days after judgment. There is no showing of good cause for the presentation of the motion for new trial after the entry of the judgment. This being true, the motion for new trial came too late to be considered. The record further discloses that at this stage of the proceedings, the county attorney confessed the motion for new trial. We are of the opinion that judgment and sentence having been pronounced, the motion for new trial, and the county attorney's endeavor to confess the same, was out of time and therefore of no force and effect. We are further of the opinion that all the proceedings subsequent to November 21, 1945, were void, in the absence of an order of the court, vacating and setting aside the judgment and sentence made and entered as of November 21, 1945. The language of Judge Jones in the case of Roberts v. State, 72 Okla. Cr. 384, 115 P. 2d 270, 274, is most appropriate here, wherein he said:

"We have examined the record thoroughly and do not feel that it is necessary to give an extended discussion of the evidence in connection with the application to withdraw the plea of guilty. It is sufficient to say that the defendant had the aid and assistance of able counsel when his plea of guilty was entered. It is apparent from the record that the defendant has exhausted every means at his command to avoid paying the penalty for this offense. His efforts to delay have met with a great deal of success as the final judgment in this matter has been postponed several years. Justice has been long delayed, but the day has finally arrived when the penalty of the law must be fulfilled."

The defendant, since first entering his plea of guilty, has never denied his guilt. It is time he answer for his wrongdoing.

Moreover, it is our opinion that the time for perfecting the appeal began to run on November 21, 1945. This being a misdemeanor, the time for perfecting the appeal may not exceed 60 days, allowed by statute, and an additional 60 days, which, for good cause shown, the court may grant. In no event can the time for perfecting an appeal in a case involving a misdemeanor, exceed 120 days after judgment. The appeal, not having been lodged in this court until April 9, 1946, was out of time. The defendant may have relied on his motion for a new trial, after judgment, to stay the time for perfecting his appeal. In this, he was mistaken. The filing of a motion for new trial after judgment is rendered does not extend the time in which an appeal may be lodged in this court. The appeal, not being lodged in this court within 120 days after judgment, in a misdemeanor case, this court is without jurisdiction to consider the same. Wyatt v. State, 81 Okla. Cr. 248, 162 P. 2d 884. For these reasons, we are of the opinion that this appeal is without merit and the motion to dismiss, on behalf of the state, should be and is hereby sustained.

BAREFOOT, P. J., and JONES, J., concur.