**Joe DODSON, Jr., Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15998.**

Court of Criminal Appeals of Oklahoma.
Oct. 28, 1970.

John J. McLean, Vinita, Court-appointed, for plaintiff in error.

G. T. Blankenship, Atty. Gen., William M. Bonnell, Asst. Atty. Gen., for defendant in error.

MEMORANDUM OPINION

BUSSEY, Judge

Joe Dodson, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Rogers County for the crime of Obtaining Cash and Merchandise by means of a False and Bogus Check. He was sentenced to serve ten years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that the defendant gave a $25.00 check to Odoms Service Station on April 9, 1968, and obtained gasoline and cash. The check was presented to the bank for payment and was not honored. The defendant's account had been closed by the bank in September, 1967, at which time the balance was three cents.

The defendant admitted that he did write the check and received as consideration, gasoline and cash. He stated he did not know his account was closed or that the check was worthless at the time he negotiated it. He did not know the check had been returned until he was released from prison on September 22, 1969. He did, upon learning of the check, offer to the District Attorney to make restitution of the check. Restitution had not been made as of the date of the trial.

The defendant's first proposition of error states: "That the 'petitioner' did state under oath and that he had talked to the District Attorney and that there was an understanding and that the District Attorney made certain arrangements with him if the check, upon which this suit was based, was repaid." He argues that this occurred without the defendant's counsel being present and any admissions thereby made were obtained without informing the defendant of his constitutional rights. He further argues that this information was improperly presented to the jury in the District Attorney's closing statement.

We note that the State did not present any evidence of the conversation between

the District Attorney and the defendant. Rather, it was presented by the defendant upon direct examination by his attorney. (T 31–32).

In Landon v. State, 82 Okl.Cr. 336, 166 P. 2d 781, we stated in the sixth paragraph of the Syllabus:

"Counsel may not, on cross-examination, bring out evidence which is damaging to his client and then ask for a mistrial on the ground that the testimony given in response to question asked by counsel was improper evidence."

We are of the opinion that this rule should be applied to answers received on direct examination as well as cross-examination. We, therefore, find this proposition to be without merit.

■ The defendant next contends the case should be reversed for the improper argument of the District Attorney wherein he stated his personal opinion as to the guilt of the defendant. The part of the closing argument to which the defendant objected was, as follows:

"Certainly I think this will show that they were not out to prosecute anybody. As a matter they said it was a last resort. So certainly I think you will have to agree with me, these folks have been fair, and perhaps you would do, if in the same position, and received a false or bogus check and was out twenty-five and you had held on to this several months and no one had contacted you, and no one had come to take care of the check. I believe you and I would do what any reasonable person would do, just the same as Mr. Odom and Mr. Redman, did. I think we would eventually file on the man. Mr. McLean will have the next opportunity to visit with you, and frankly I don't know what he will visit with you about. His client has got on the stand and admitted, (Mr. McLean objection) Mr. McLean's Objection is sustained. JUDGE WHISTLER: Mr. Vinzant don't speculate what he will say. Mr. Vinzant continuing with his closing argument. (Mr. McLean says it is

grounds for a mistrial) JUDGE WHISTLER: Objection is over ruled. Mr. Vinzant—Ladies and Gentlemen the fact remains this defendant has admitted on the witness stand, he took $25.00 worth of merchandise and money from these folks that run this small business east of town. He admitted to you he did not have this money in his checking account at this time. (Mr. McLean objecting) JUDGE WHISTER: Objection is over-ruled. Mr. Vinzant continuing, from the witness stand that these folks who run this small business were out $25.00 and still out $25.00, all because of a false and bogus check, he passed on April 9. Thank you." [sic]

In Bell v. State, Okl.Cr., 381 P.2d 167, we stated in the fourth paragraph of the Syllabus:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration and argumentation is wide. Counsel for both the state and the defendant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising from it."

It does not appear to this Court that the comments of the District Attorney indicate his belief in the guilt of the defendant, but rather the District Attorney was drawing logical inferences from the evidence introduced. We are of the opinion that this proposition is without merit.

■ The defendant's next allegation is that the trial court improperly took the sentencing away from the jury and rendered the sentence over his objection. The following excerpts from the record indicate what transpired regarding the court's decision to excuse the jury and personally fix the defendant's punishment:

"VERDICT

We, the jury empaneled and sworn to try the above entitled cause, do upon our oaths find the Defendant Guilty as charged, and fix his punishment at _____.

JUDGE WHISTLER: Mr. Young, did the jury understand that one of the instructions does place the limits in which you might have set the _____

MR. YOUNG: No Sir, we understood, just to find him Guilty or Not Guilty, and you would set the sentence.

JUDGE WHISTLER: Calling counsel to the bench. Re-reads Instruction #4 to the jury. I am going to re-submit [sic] the case to you and ask you to attempt to reach a verdict on the punishment on the assesment [sic] against the defendant. Now if you have any questions, reduce them to writing and bring them or ask they be brought into court by the Bailiff. I will attempt to answer any question you might have in writing. Now should you be unable to assess punishment for the defendant you may indicate to the court that this the empass you have reached in such event the court can under those circumstances assess the punishment. Now I ask you to return to the jury room and continue your deliberations.

RETURN OF THE JURY:

JUDGE WHISTLER: Have you reached a verdict?

MR. YOUNG: No sir.

JUDGE: Do you antisipate [sic] with further deliberation you would be able to reach a verdict?

MR. YOUNG: No sir.

JUDGE: Is the jury hung on the punishment of the defendant? Do you believe with further deliberation you would be able to reach a verdict?

MR. YOUNG: No sir.

JUDGE: Does any one on the jury think with further deliberation would be an aide, do you think you could decide the question?

NO ANSWER

JUDGE: By your silence I take it further deliberation would be useless. Under the circumstances I ask you to return the Verdict into court. Hand it to the Bailiff.

JUDGE: Does either side wish to poll the jury? As to the Sentence Date. Sentencing on said Defendant is set for March 10, 1970, at 10:00 A.M.

JUDGE: The jury is discharged."

We are of the opinion that the trial court, under the authority of 22 O.S.1961, §§ 926 and 927 [1] properly concluded that the jury could not agree as to punishment and accordingly discharged them from further deliberation of the case. We further note that the record does not reflect that the defendant requested the jury to fix the punishment, nor does it indicate that the defendant objected to the trial court discharging the jury. We therefore must find this proposition to be without merit.

■ The defendant's last proposition of error alleges that the sentence imposed by the trial court was excessive. He contends that the court was prejudiced against the defendant in that the District Attorney presented the trial court two sheets of paper containing his prior record. The trial court expressed concern about a previous rape conviction which had been reversed by this Court, although he stated that the judgment

---

1. "§ 926. Punishment, jury may assess, when

In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided. R.L.1910, § 5933.

§ 927. Punishment, court to assess, when

Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly. R.L.1910, § 5934."

would be based primarily on the prior offenses of which the defendant plead guilty or had been convicted (T 55). We are of the opinion that considering the amount of the check of $25.00, that justice would best be served by modifying the ten year sentence to seven years imprisonment, and otherwise affirmed. It is therefore the order of this Court that the judgment and sentence be modified from a sentence of ten (10) years imprisonment in the state penitentiary, to a term of Seven (7) years imprisonment in the state penitentiary, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, P. J., and NIX, J., concur.