James Larry DEPUE et al., Plaintiffs-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Sept. 18, 1975.

Certiorari Denied by Supreme Court Dec. 30, 1975.

William W. Petty and Jon G. Roach, Knoxville, for Depue.

George W. Ridenour, Jr., Clinton, and W. Zane Daniel, Knoxville, for Lowe.

Robert M. Stivers, Jr., and J. Anthony Brown, Knoxville, for Mellon.

R. A. Ashley, Jr., Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Ralph E. Harwell and James L. Jones, Asst. Dist. Attys. Gen., Knoxville, for defendant in error.

GALBREATH, Judge.

## OPINION

Unquestionably, from the sordid record before us, the plaintiffs in error abducted, robbed and raped their hapless victim after forcing her at the point of a stolen pistol to get in a stolen automobile as she walked towards her place of employment along a Knoxville street around 8:00 a. m. on the 16th day of December, 1973. All four defendants, who were identified by the victim in court, gave detailed statements in which they admitted participation in the crimes. One of them, Troy Lynn Martin, is not appealing and both defendants James Larry Depue and Charles Edward Lowe changed their pleas from not guilty to guilty in the rape indictment while maintaining their not guilty pleas in the armed robbery case.

It is only the complete and unequivocal demonstration of guilt that allows us to affirm parts of judgment below in which plaintiffs in error Depue and Lowe were sentenced to twenty-five years for robbery and seventy-five years for rape, Glen Edward Mellon to thirty years for robbery and seventy-five years for rape, and Martin to ten years for robbery and thirty years for rape. In this case the prosecution succumbed to what is unfortunately in many instances the irresistible urge to overprove the State's case and introduced over objection irrelevant and immaterial proof of a number of other crimes that had no justiciable bearing on the issue of guilt or innocence of the crimes charged.

It is generally agreed that evidence of other crimes by defendant is not admissible merely to prove his disposition to commit such a crime as that on trial; but such evidence is admissible when it is relevant to prove some other material issue on trial; for instance, when it tends to establish (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme or plan for commission of two or more crimes so related to each other that proof of one tends to establish the others; and (5) the identity of defendant on trial. *Carroll v. State*, 212 Tenn. 464 at 477, 370 S.W.2d 523 at 529.

In the confessions as admitted for the jury's consideration, the entire events of a two day spree of criminality involving the four young defendants was described. A Chevrolet car was stolen; they held-up a man and took a rifle the victim saw in the back seat of another stolen automobile, a Gremlin, into which she was forced when threatened with the pistol stolen in yet another larceny.

While it was perfectly proper to prove that the victim was forced to enter a car at the point of a pistol and that she saw

a rifle while in the car, the fact that these articles of personalty were stolen in unrelated acts of crime served no purpose at all in the ascertainment of truth. They did not aid in establishing the identity of the defendants, all of whom admitted their participation and were singled out by the prosecutrix as her assailants. Proof of the other crimes did not serve to establish a motive. There is no suggestion that either of the two stolen automobiles were taken in order that the rape of the victim, or any other female, might be effectuated since it is clear the defendants just happened upon their last victim. No claim could possibly be made that the proof was necessary to refute a defense theory that the crimes resulted from a mistake or accident and, as noted above, it was not necessary to prove any of the many other crimes committed to establish the offenses for which the defendants were on trial.

The reason for the rule prohibiting proof of crime other than that charged was discussed by this Court in *Dix v. State*, 4 Tenn.Cr.App. 412, 472 S.W.2d 243:

> Guilt by innuendo, guilt by reputation, guilt by presumption based on past wrong doing, is nebulously fixed at best; and the inferences are difficult to rebut. To allow such evidence would place a defendant in the untenable position of having to defend himself against an accusation not set out in the indictment, a primary purpose of which is to acquaint one accused of crime of the nature of the charges against him. In spite of this hardship, if the evidence of past wrong is relevant to the issues under investigation, it is admissible. *Carroll v. State*, supra . . . If the presumption of innocence is to have valid meaning, it cannot be lacerated by the presumption of guilt that comes to a reasonable mind when confronted with proof that the accused is the type of person who, based on past conduct, would do the sort of thing of which he stands accused.

It results that the admission of the proof of unrelated crimes committed over the two day period preceding the rape and robbery of the victim in this case was error. However, in view of the overwhelming competent proof establishing guilt beyond any reasonable doubt, we hold that its introduction was harmless so far as it relates to that issue. It might be argued that the punishment imposed could have been influenced by permitting the jury to know of the other crimes. Indeed it seems highly probable that it may have.

We feel that under the circumstances the portions of the judgment relating to punishment should be conditionally vacated and the case remanded for the sole purpose of resentencing, either by agreement of the parties acceptable to the trial court or by a jury charged only with the duty of fixing punishment. *Huffman v. State*, 200 Tenn. 487, 292 S.W.2d 738.

Numerous other assignments of error have been made. Some complain of the conduct of the trial—refusal to grant severances, claimed separation of the jury, number of challenges allowed each defendant, admission of testimony of witnesses not listed on the indictment and the reopening of the State's case—and these are without merit. While the confessions of each defendant also named the codefendants, a charged violation of *Bruton v. U..S.*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, we think this situation is controlled by *O'Neil v. State*, 2 Tenn.Cr.App. 518, 455 S.W.2d 597, where similar facts (all defendants confessions admitting with limiting instructions) were held not to be a violation of the rule in *Bruton*.

The charge given by Judge Duncan was full and compete and assignments relating to it are overruled.

Judgments conditionally vacated and remanded.

O'BRIEN, J., and C. ALLEN HIGH, Special Judge, concur.

O'BRIEN, Judge (concurring).

I concur in the result reached in this case. The trial court allowed the admission of confessions of each of the defendants relating the facts about several other criminal acts which had taken place over a two day period prior to the offenses for which they were on trial. Defendant Mellon had filed a written motion to suppress, specifically requesting that no evidence be introduced relating to other crimes purportedly committed. Motions to suppress by the other defendants were made orally. After an out of jury hearing the trial judge found that the statements of each of the defendants was voluntarily made at a time when the defendants were competent to make the statement. He found that the contents of the statements included events which transpired somewhere between 20 and 30 hours prior to the time that the rape and robbery of the victim in this case took place. That this was one continuing situation and the state was entitled to introduce the entire statement to tie the whole story together. That it was "proper to admit testimony, even though it may show the defendant may have committed or been implicated in some other crime other than that for which he is being tried, if it's necessary to show identity, guilty knowledge, motives, schemes, or series of crimes. In other words, if it sheds light on the case and the charge that's on trial, it's all admissible." He ruled that these matters should be left in for the jury to weigh.

Where a confession indicates that the accused has been guilty of another offense in addition to that for which he is being tried that part of the confession relating to the distinct offense is inadmissible if it can be separated from the portion of the confession relating to the charge in issue. *Rounds v. State*, 171 Tenn. 511, 106 S.W.2d 212; *Grove et al. v. State*, 211 Tenn. 448, 365 S.W.2d 871.

In addition to the confessions of the individual defendants, the court allowed testimony of three witnesses to be introduced in reference to other robberies for which the defendants were under indictment. He ruled that the testimony of these witnesses should be admitted for the same reasons which the full confessions of the defendants were allowed, that is, that the prior robberies were all part of a series of events which took place.

The identity of the defendants in this case had been accomplished, and was positively fixed in connection with the offense on trial. The evidence relating to their earlier escapades was wholly immaterial and bore no relevance to the offense on trial. *Woodruff v. State*, 164 Tenn. 530, 51 S.W.2d 843; *Warren v. State*, 178 Tenn. 157, 156 S.W.2d 416; *Harris v. State*, 189 Tenn. 635, 227 S.W.2d 8; *Mays v. State*, 145 Tenn. 118, page 141, 238 S.W. 1096; and *Pruitt v. State*, 3 Tenn.Cr.App. 256, 460 S.W.2d 385. It was unnecessary to introduce evidence of the other robberies which had very little, if any, logical connection between them and the crime for which these defendants were charged. The evidence of guilt of the unrelated crimes had no tendency to show defendants were the persons who committed the offenses for which they were charged. The magnitude of the sentence imposed in this case by the jury is indicative of the prejudice incurred by defendants through the admission of this evidence. While the sentences are within the limits prescribed by the statutes for the offenses of rape and armed robbery, we cannot speculate on the possibility that the jury was or was not prejudiced by the erroneous admission of this improper evidence. Under the circumstances, the only alternative to the action suggested by my Brother Galbreath, would be to remand the case for a new trial. This is not a tolerable alternative under the overwhelming and positive evidence of the guilt of defendants.