**William Hulbert NIPPS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–80–685.**

Court of Criminal Appeals of Oklahoma.

April 7, 1981.

Carloss Wadlington, Ada, for appellant.

No appearance for appellee.

OPINION

BUSSEY, Judge:

William Hulbert Nipps has appealed from an order of the District Court of Pontotoc

County denying his application for postconviction relief in Pontotoc County Case No. CRF–77–9. For the reasons discussed below a new jury trial must be held for the purpose of setting the appellant's sentence.

The appellant was convicted in Case No. CRF–77–9 of Knowingly Concealing Stolen Property After Two or More Felony Convictions. The possible imprisonment for a first offender is 0–1 year in the county jail or 0–5 years in prison,[1] but under the enhancement statute in effect at the time of the appellant's conviction the appellant was sentenced to twenty-five years in prison.[2] In *Thigpen v. State*, 571 P.2d 467 (Okl.Cr. 1977), this Court held unconstitutional the enhancement provision under which the appellant was sentenced, and on appeal we modified his sentence to ten years, which was the maximum under the remaining, valid enhancement provision.[3]

In *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed. 175 (1980), the United States Supreme Court held that this Court had taken an incorrect approach in dealing with appellants who were sentenced under the unconstitutional provision, and on remand this Court modified Hicks' sentence to the minimum possible under the valid enhancement provision.[4] But there is no minimum for the appellant in the present case: Title 21 O.S.Supp.1980, § 51(A)(2), provides that if a first offender would be subject to a punishment of five years or less in prison, then a second or subsequent offender shall be subject to imprisonment

"for a term not exceeding ten (10) years." Thus the relief adopted in *Hicks* and other, similar cases is not available.

▆▆▆▆ Under Oklahoma law a defendant has a statutory right to have his sentence set by the jury which finds him guilty.[5] In *Hicks v. State*, supra, and similar cases, where the sentence has been modified to the minimum, the appellant has clearly suffered no prejudice from this Court's setting of the sentence, because the jury could not possibly have imposed a lesser punishment. But in the present case there is no lower limit, and this Court cannot predict what sentence a jury would be likely to impose. We therefore conclude that the case must be remanded to the district court for jury sentencing.

▆▆▆▆ Although there is no statutory provision for convening a jury solely for the purpose of setting a sentence this Court believes that such a procedure is consistent with the appellant's rights under 22 O.S. 1971, § 926. We believe that the intent of that section is that a defendant has a right to have the sentence set by a *jury* as opposed to sentencing by a *judge*. Since the statute contemplates that a defendant will have just been found guilty by a jury, it is natural to provide that the same jury would set the sentence. But the situation which exists in the present case was not anticipated by the Legislature.[6] The appellant has been found guilty by a jury and that finding of guilt has been reviewed by this Court

1. Title 21 O.S.1971, § 1713.

2. Laws 1976, c. 94, § 1(B), provided that the penalty for a third or subsequent offense offender would be the maximum possible punishment for a first offender plus twenty years.

3. Laws 1976, c. 94, § 1(A), now 21 O.S.Supp. 1980, § 51(A).

4. *Hicks v. State*, No. F–77–751 (January 15, 1981).

5. The right does not derive from the constitution but is by statute only. See 22 O.S.1971, § 926.

6. A similar situation has been confronted by the appellate courts in Tennessee. Tenn.Code Ann., §§ 40–2704 and 40–2707, provide that a defendant will be sentenced by the jury which convicts him. But in *Huffman v. State*, 200 Tenn. 487, 292 S.W.2d 738 (1956), the Tennessee Supreme Court held it proper to remand the case solely for the purpose of resentencing. The Tennessee Court of Criminal Appeals has followed *Huffman* in a number of cases. See, for instance, *Depue v. State*, 532 S.W.2d 937 (Tenn.Cr.App.1975), *Armstrong v. State*, 555 S.W.2d 870 (Tenn.Cr.App.1977), and *Jiminez v. State*, 582 S.W.2d 91 (Tenn.Cr.App.1979).

and upheld. There is no need to repeat the entire trial.

Accordingly, at the start of the trial the judge should read the information to the prospective jurors, informing them that the appellant has been found guilty of Knowingly Concealing Stolen Property, and that they will have the responsibility of deciding his punishment. The voir dire and all challenges to jurors should then pertain only to issues that relate to the sentencing. Once the jury has been chosen, the trial should be conducted in the same manner as the second stage of a regular felony, AFCF, trial, with the burden placed on the State to prove beyond a reasonable doubt that the appellant had prior felony convictions. Since the statute in effect at the time must be applied, the jury cannot be instructed on 21 O.S.Supp.1980, § 51(B), the present enhancement provision for third or subsequent offenses. The law they are to be given is under Laws 1976, c. 94, § 1(A), now 21 O.S.Supp.1980, § 51(A). See Note 2, supra.

Nothing in this order should be construed as preventing the appellant and the State from reaching an agreement on the sentence, rendering a hearing unnecessary.

IT IS THEREFORE THE ORDER OF THIS COURT that the above styled and numbered cause should be, and the same hereby is, REMANDED to the district court for further proceedings in accordance with the above discussion.

BRETT, P. J., and CORNISH, J., concur.