**Warren Harding DEAN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–94.**

Court of Criminal Appeals of Oklahoma.

July 28, 1989.

Terry J. Hull, Asst. Appellant Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., and Michael A. John, Legal Intern, Oklahoma City, for appellee.

## OPINION

LUMPKIN, Judge:

Appellant Warren Harding Dean was convicted in the District Court of Muskogee County, Case No. CRF 85-1, of Possession of a Controlled Dangerous Substance (Marijuana) in a Penal Institution After Former Conviction of Two or More Felonies. He was sentenced to twenty (20) years imprisonment and brings this appeal.

Appellant was an inmate at Jess Dunn Correctional Center when he was discovered to be in possession of a baggie containing approximately ten (10) grams of marijuana. Appellant was charged with possession of a controlled dangerous substance in a penal institution after former conviction of two or more felonies. In the penalty phase of the two-stage proceeding, the State alleged that Appellant had six (6) prior felony convictions. After the jury retired to deliberate, a note was sent to the trial court indicating their inability to agree on punishment. The jury and counsel for both the State and the defense were called into open court, where inquiry of the jury foreman revealed that the jury was hopelessly deadlocked. Defense counsel's motion for a mistrial as to the second stage proceedings was granted, the jury was discharged, and the trial judge informed the parties that he would impose sentence.

Three days later the trial judge sentenced Appellant to five (5) years imprisonment. Both the State and the defense subsequently filed Motions for New Trial. The trial court granted the State's Motion for a New Trial as to second stage and set

the case for a jury trial as to punishment only. A new jury was subsequently impaneled and sentenced Appellant to twenty (20) years imprisonment.

■ In his first assignment of error, Appellant alleges that the trial court was without authority to grant the Motion for New Trial and reconvene a new jury for sentencing purposes only. We agree. Initially the trial court lacked jurisdiction to hear the motion for new trial as it was presented after judgment and sentence was imposed. Title 22 O.S.1981, § 953 provides that a motion for new trial must be made before judgment is entered; however, the court may for good cause allow such application to be made within thirty (30) days after the rendition of judgment. In the present case, with no showing of good cause for the late presentation, the motion came too late for appropriate consideration. *See Linde v. State*, 83 Okl.Cr. 365, 177 P.2d 527, 528 (1947).

■ Further, no statutory provision exists in non-capital cases for reconvening a second jury in the original trial proceeding, different from that which determined guilt, solely for the purpose of resentencing. Title 22 O.S.1981, § 952 sets forth the grounds on which the trial court can grant a new trial. These grounds do not include reconvening a jury solely for the purpose of resentencing.

The State argued at trial and on appeal that authority for reconvening the jury for sentencing purposes only lies in *Nipps v. State*, 626 P.2d 1349 (Okl.Cr.1981). However, this reliance is misplaced, as *Nipps* authorizes such a procedure only in cases wherein the statute under which the Appellant is sentenced is later declared unconstitutional.

Inasmuch as we have determined that the trial judge was without authority to grant the motion for new trial and to impanel a new jury solely for punishment, the twenty (20) year sentence imposed by the jury is hereby vacated.

■ It is therefore necessary to examine the trial court's procedure before it ruled on the motion for new trial. We find that the court properly sentenced Appellant to five (5) years imprisonment. Although the trial judge granted a mistrial upon the jury's inability to agree on punishment, a review of the record indicates that the trial judge was exercising his authority pursuant to 22 O.S.1981, § 927. Section 927 provides:

> Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly.

Here the jury indicated that it was unable to agree on punishment. Upon inquiry by the court, it was determined that the jury was hopelessly deadlocked. The jury was then discharged from its duty to decide punishment and the trial court imposed the minimum sentence for a first offense. *See* 57 O.S. Supp.1988, § 21. The Appellant did not file a pre-trial request for the jury to fix punishment pursuant to 22 O.S.1981, § 926, nor did he object to the dismissal of the jury or the trial court's imposition of sentence.

Therefore, we are of the opinion that the trial court, under the authority of 22 O.S. 1981, §§ 926 and 927, properly concluded that the jury could not agree to punishment, discharged them from further deliberation, and accordingly set punishment at five (5) years imprisonment. *See Dodson v. State*, 476 P.2d 358, 361 (Okl.Cr.1970).

Appellant further contends that two (2) allegations of error from the resentencing jury trial denied him the right to due process. We find it unnecessary to address claims of error from the resentencing trial as we have vacated the sentence imposed by that jury and determined that trial to have been held without proper statutory authority.

■ Appellant next alleges that the prosecutor improperly commented on the quality of the defense case and inappropriately directed the jury to return a verdict of guilt during first stage closing argument. We note the Appellant failed to object to any of the comments he now claims were error. Appellant has therefore waived all but fun-

damental error. *Thomason v. State*, 763 P.2d 1182, 1183 (Okl.Cr.1988). After reviewing the prosecutor's remarks, we find all were reasonable inferences and comments on the evidence, and consequently find no fundamental error.

■ In his third assignment of error, Appellant alleges that the imposition of administrative disciplinary penalties for possession of marijuana coupled with the punishment assessed by the district court violated his right to be free from double jeopardy under the Fifth Amendment of the United States Constitution and Article II of the Oklahoma Constitution. Appellant concedes that this Court has previously held that administrative punishment imposed by prison officials in addition to the punishment for a conviction of possession of a controlled dangerous substance (marijuana) does not violate constitutional prohibitions against double jeopardy. *See Grider v. State*, 737 P.2d 1227 (Okl.Cr.1987). Appellant has asked us to reconsider our previous rulings on this issue. However, because we are unpersuaded by Appellant's arguments, we will not reverse on this assignment of error.

For the foregoing reasons the Appellant's original conviction of Possession of a Controlled Dangerous Substance (Marijuana) in a Penal Institution and sentence of Five (5) years imprisonment is AFFIRMED. The judgment of Possession of a Controlled Dangerous Substance (Marijuana) in a Penal Institution After Former Conviction of Two or More Felonies and sentence of Twenty (20) years imprisonment is vacated. The case is remanded to the District Court of Muskogee County with directions to enter an amended judgment and sentence consistent with this opinion.

PARKS, P.J., and BUSSEY, J., concur in part and dissent in part.

LANE, V.P.J., and BRETT, J., concur.

PARKS, Presiding Judge, concurring in part and dissenting in part:

The majority affirms appellant's conviction, but modifies his sentence, finding it was improper for the trial judge to grant a new trial on sentencing. The majority distinguishes *Nipps v. State*, 626 P.2d 1349 (Okla.Crim.App.1981), by holding it allows resentencing only when a statute is held unconstitutional. Such a position is contrary to prior case law where resentencing was ordered although the constitutionality of a statute was not at issue. *See, e.g., Moore v. State*, 736 P.2d 996, 999 (Okla. Crim.App.1987); *Delfrate v. State*, 732 P.2d 900, 902 (Okla.Crim.App.1987); *Johnston v. State*, 673 P.2d 844, 850 (Okla.Crim. App.1983); *Castor v. State*, 499 P.2d 948, 953 (Okla.Crim.App.1972).

"The appellant has been found guilty by a jury and that finding of guilt has been reviewed by this Court and upheld. There is no need to repeat the entire trial." *Nipps*, 626 P.2d at 1350–51. The Oklahoma Court of Criminal Appeals "may, if necessary or proper, order a new trial." 22 O.S.1981, § 1066. A "new trial" includes a guilt-innocence and sentencing stage. Since we have the authority to grant an entire new trial, we have the authority to grant a new trial on sentencing only in furtherance of the public's right to expediency in the orderly administration of criminal justice. Such an interpretation of Section 1066 is consistent with the above cited cases, which have not been overruled by the majority opinion. I would affirm the verdict reached by the jury during resentencing.

I am authorized to state that Judge BUSSEY concurs in this opinion.