968 F.2d 22
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Randall ZIEGLER, Petitioner-Appellant,
v.
Ron CHAMPION, Warden, Respondent-Appellee.
 No. 92-5023.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Robert Randall Ziegler, appearing pro se, seeks review of the denial of his application for a writ of habeas corpus by the United States District Court for the Northern District of Oklahoma. The district court denied his petition as an abuse of the writ. We affirm.
 
 
 3
 This is petitioner's third federal habeas petition. His first petition was filed in 1983, and it resulted in the State of Oklahoma conducting a re-sentencing proceeding. The Oklahoma Court of Criminal Appeals affirmed the sentence imposed on petitioner. In 1989, petitioner filed a second habeas petition, in which he attacked the re-sentencing procedure on various grounds. The federal district court dismissed the petition, after considering the merits, and this court affirmed in an unpublished order and judgment. Ziegler v. Champion, No. 90-5024 (10th Cir. October 19, 1990), cert. denied, 111 S.Ct. 762 (1991).
 
 
 4
 Petitioner filed this third petition for a writ of habeas corpus in 1991, again attacking the validity of his re-sentencing proceeding and attacking as well the adequacy of the evidence presented at trial. The case was referred to a magistrate, who recommended dismissal of the petition as an abuse of the writ. The district entered an order dismissing the petition, holding that the petition was successive as to one claim and an abuse of the writ as to the others.[1]
 
 
 5
 We agree with the district court that petitioner's arguments based upon his interpretation of Nipps v. State, 626 P.2d 1349 (Okla.Crim.App.1981) as it relates to his re-sentencing are successive. See 28 U.S.C. § 2244(b); 28 U.S.C. foll. § 2254, Rules Governing Section 2254 Proceedings, Rule 9(b); Parks v. Reynolds, 958 F.2d 989, 994-95 (10th Cir.), cert. denied, 112 S.Ct. 1310 (1992); Andrews v. Deland, 943 F.2d 1162, 1171-72 (10th Cir.1991), cert. denied, 112 S.Ct. 1213 (1992). We further agree that this petition is abusive as to the remaining claims. See Parks, 958 F.2d at 995; Andrews, 943 F.2d at 1171. Petitioner has failed to show cause for not raising these claims in his earlier petition, and we perceive no fundamental miscarriage of justice if we decline now to entertain his claims. His pro se status does not dictate a different result. Worthen v. Kaiser, 952 F.2d 1266, 1267 (10th Cir.1992); Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991).
 
 
 6
 For the foregoing reasons, the decision of the district court dismissing this petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The claim which the district court held was successive involved arguments based upon Nipps v. State, 626 P.2d 1349 (Okla.Crim.App.1981). As the district court observed:
 In his new petition, petitioner again places great reliance upon Nipps v. State, 626 P.2d 1349 (Okla.Crim.App.1981). In its Order and Judgment, the Tenth Circuit clearly stated that "the many meanings Mr. Ziegler attributes to Nipps are not correct." Order and Judgment at 4. Thus, the language involving prior adjudication in 28 U.S.C. § 2244(b) and 28 U.S.C. § 2254, Rule 9(b) bars this claim.
 Order of District Court at 1, R.Vol. I Tab 24.