999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas Leroy JOHNSTON, Petitioner-Appellant,
v.
Ron CHAMPION, Respondent-Appellee.
 No. 92-6286.
 United States Court of Appeals, Tenth Circuit.
 June 29, 1993.
 
 Before SEYMOUR and TACHA, Circuit Judges, and ROGERS,* Senior District Judge.
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Thomas Leroy Johnston appeals from the district court's dismissal of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The district court denied Mr. Johnston's request for a certificate of probable cause on appeal. In an order dated April 27, 1993, we granted Mr. Johnston's application for a certificate of probable cause. We now affirm the denial of habeas corpus relief.
 
 
 3
 In 1982, Mr. Johnston was convicted of rape, oral sodomy, and kidnapping. The Oklahoma jury which convicted him sentenced him to ninety-nine years' imprisonment. After the sentencing, the state judge learned a police report was sent to the jury which contained prejudicial and inadmissible information. Following a hearing, the trial court determined the report was not used to assess guilt, but was used to evaluate sentencing. Based on this determination, the court granted a new trial for sentencing only. That jury sentenced Mr. Johnston to fifty years' imprisonment.
 
 
 4
 On direct appeal, Mr. Johnston argued he was entitled to a new trial on the underlying conviction because the jury saw the inadmissible police report and, therefore, the entire proceeding was suspect. See Okla.Stat. tit. 22, §§ 951, 952 (providing statutory authority for, and procedures governing, new trials). The Oklahoma Court of Criminal Appeals rejected this argument on the merits. Johnston v. State, 673 P.2d 844, 848-49 (Okla.Crim.App.1983), cert. denied, 467 U.S. 1228 (1984).
 
 
 5
 In 1989, however, that same court held a trial court lacked authority, pursuant to section 952, to grant a new trial limited to resentencing. Dean v. State, 778 P.2d 476, 478 (Okla.Crim.App.1989). In a post-conviction petition filed following issuance of the Dean opinion, Mr. Johnston argued that Dean applied retroactively and required the court to grant him a new trial under section 952 on all issues presented in the first proceeding. The Oklahoma Court of Criminal Appeals rejected that argument, stating he received the benefit of the law at the time of his conviction and, therefore, no relief was required.
 
 
 6
 Mr. Johnston then filed this habeas petition, asserting entitlement to a new trial based on the state's infringement of his due process and equal protection rights. In particular, Mr. Johnston argues he was denied liberty without due process as a result of the Oklahoma court's failure to grant him a new trial on the underlying conviction. He maintains that Dean must apply retroactively. He also argues that other similarly situated prisoners were afforded the benefit of Dean, thereby implicating his equal protection rights. We disagree with both contentions.
 
 
 7
 "[N]ot every grievous loss visited upon a person by the government is sufficient to invoke constitutional protections." Velasco-Gutierrez v. Crossland, 732 F.2d 792, 796 (10th Cir.1984). Therefore, as a threshold matter, we must determine whether the Oklahoma state court's refusal to grant a new trial implicated a liberty interest entitling Mr. Johnston to due process protections. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (citing Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972)). If it did not, Mr. Johnston is not entitled to federal habeas relief.
 
 
 8
 A state creates a liberty interest if, through enactment of a given statute, it places substantive limitations on the discretion of the decisionmaker, thereby raising a justifiable expectation that if those limiting criteria are met, relief will be obtained. See Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983); see also Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 465 (1981) ("unilateral hope" is insufficient to create a constitutional entitlement). Mr. Johnston argues Okla.Stat. tit. 22, §§ 951 and 952, create such an interest. He maintains the language of those statutes is sufficiently mandatory that the state court was required to grant a new trial on all issues presented once it determined the jury viewed inadmissible evidence. He argues the Dean decision reflects an intent on the part of the Oklahoma legislature to grant new trials under the circumstances presented here.
 
 
 9
 Neither of the statutes Mr. Johnston cites contains language limiting the trial court's discretion to grant a new trial for sentencing. Consequently, they do not create a liberty interest. Section 951 outlines the procedure to follow once the new trial motion is granted. It does not, however, limit the ability of the trial judge to decide the circumstances under which that new trial will be held. Section 952 lists the statutory grounds for granting a new trial, but states that the court has the power to grant the request, not that it must do so. The Oklahoma Court of Criminal Appeals has made it clear that the decision to grant a new trial is discretionary. See Ward v. State, 444 P.2d 255, 258 (Okla.Crim.App.1968), cert. denied, 393 U.S. 1040 (1969). No language in these statutes limits that discretion.
 
 
 10
 Sections 951 and 952 do not give rise to a justifiable expectation of entitlement to a new trial under the circumstances presented here. See Clemons v. Mississippi, 494 U.S. 738, 747 (1990) (no liberty interest where state law did not create entitlement). Consequently, there can be no constitutional violation. In this regard, this case is different from Hicks v. Oklahoma, 447 U.S. 343 (1980), on which Mr. Johnston relies.
 
 
 11
 In Hicks, the Supreme Court held the defendant had a "substantial and legitimate expectation" that his liberty would be infringed only to the extent mandated by the jury, based on state law giving juries the discretion to set punishment. Id. at 346. Here, the Oklahoma Court of Criminal Appeals has acknowledged that prior to Dean the law in this area was unclear, at best. Scott v. State, 808 P.2d 73, 78 (Okla.Crim.App.1991).[1] Therefore, there could be no constitutional expectation, and, as a consequence, no federal violation. See also Carbray v. Champion, 905 F.2d 314, 318 (10th Cir.1990) (no liberty interest deprivation in resentencing where appellate court has authority to modify sentence under state law), cert. denied, 111 S.Ct. 796 (1991).
 
 
 12
 It is within the discretion of the Oklahoma Court of Criminal Appeals to deny retroactive application of the Dean opinion. American Trucking Ass'ns v. Smith, 496 U.S. 167, 177 (1990); see also Murray v. Cowley, 913 F.2d 832, 834 (10th Cir.1990) (states are free to amend sentencing laws and need not apply them retroactively), cert. denied, 111 S.Ct. 991 (1991). The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 13
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Following the Dean decision, the Oklahoma legislature enacted legislation enabling appellate courts to remand for resentencing only. See Okla.Stat. tit. 22, §§ 929, 1066