**Billy Gene CLOPTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–241.**

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1987.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., and Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Billy Gene Clopton, appellant, was tried by jury for the crime of Unlawful Possession of a Controlled Dangerous Substance, After Former Conviction of Two or More Felonies in violation of 63 O.S.1981, § 2–402(B)(1) in Case No. CRF–83–263 in the District Court of Cleveland County. The appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at twenty (20) years' imprisonment. The trial court sentenced the appellant in accordance with the jury's verdict. From this judgment and sentence, the appellant appeals to this Court.

At approximately 11:20 a.m. on March 10, 1983, the appellant was stopped by a City of Moore Police Officer. Officer Moore pulled the appellant over for failing to signal a lane change. Officer Moore conducted a driver's license check through the police dispatcher and learned that the appellant's license was under Driver Improvement Suspension. The appellant was then placed under arrest for Driving Under Suspension. Officer Moore placed the appellant in the police vehicle and proceeded to search the appellant's car, per the City of Moore's impoundment procedure. During the course of inventorying the contents of the appellant's car, Officer Moore found three glass vials. Because he believed the vials contained a controlled substance, Officer Moore placed them in an OSBI submittal envelope.

Appellant was advised of his *Miranda* rights by Detective Larry Harper, who had arrived to assist Officer Moore. Detective Harper had spoken with the appellant earlier in the day concerning the appellant's status as a suspect in a burglary investigation. At the Moore Police Station, appellant told Officer Moore and Detective Harper that the vials contained PCP, the drug phencycline. The presence of PCP in the vials was confirmed by Patrick Cardona, a criminologist for the Oklahoma State Bureau of Investigation.

■ Appellant asserts under his first assignment of error that the trial court erred when it instructed the jury under the Habitual Criminal Act rather than the provisions provided by the Uniform Controlled Substance Act.

The Information filed against the the appellant specifically alleged that he committed a violation of Title 63 O.S.1981, § 2–402(B)(1) after prior Uniform Controlled Substance Act conviction. Title 63 O.S. 1981, § 2–402(B)(1) provides that a violation of that section is punishable by imprisonment for not less than four (4) years nor more than (20) years. Clearly, Section 2–402(B)(1) of the Uniform Controlled Substance Act makes specific provision for enhancement of punishment and 21 O.S.1981, § 11 provides that specific provisions for punishment control over general provisions.

Considering these statutes, it was plainly error for the trial court in this case to instruct the jury under the Habitual Criminal Act. The jury returned a verdict of guilty and recommended a sentence of twenty years, which is the minimum sentence permitted under the Habitual Criminal Act. We must, therefore modify appellant's sentence to the minimum provided under the enhanced punishment provision of the Uniform Controlled Substance Act, which is four (4) years. *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980). See also, *Faubion v. State*, 569 P.2d 1022 (Okl.Cr.1977).

■ Under Oklahoma law a defendant has a statutory right to have his sentence set by the jury which finds him guilty. 22 O.S.1981, § 926. However, where the sentence has been modified to the minimum, the appellant has clearly suffered no prejudice from this Court's setting of the sentence, because the jury could not possibly have imposed a lesser punishment. *Nipps v. State*, 626 P.2d 1349 (Okl.Cr.1981).

■ Appellant asserts in his second assignment of error that the jury was forced, by the verdict forms, to return a verdict of

guilty on the enhanced offense of prior drug convictions. Specifically, appellant complains that the verdict forms did not allow the jury to return a verdict of guilty of possession without former conviction provision.

In *Reed v. State*, 580 P.2d 159 (Okl.Cr. 1978), this Court held that when the defendant under oath confesses the former conviction, there is no question of fact within the jury's province as to whether the defendant is guilty of only the primary offense or of the preliminary offense after former conviction. A review of the record indicates that the appellant confessed under oath his former convictions. We find no error.

Appellant's third assignment of error contends that improper prosecutorial comments during closing argument deprived him of a fair trial. We note that none of the allegedly improper comments drew either an objection or a request that the jury be admonished to disregard the remarks. Consequently, appellate review is waived except for fundamental error. *Abbott v. State*, 719 P.2d 1289 (Okl.Cr. 1986). We find that none of the remarks were so fundamentally prejudicial to the appellant that the trial court could not, by instructions to the jury, have corrected any error. This assignment is without merit.

Finally, appellant asserts that his being stopped and subsequently arrested for traffic violations was a subterfuge, rendering his arrest illegal and the evidence seized pursuant to that arrest suppressible. While there is no evidence of a subterfuge, as both the appellant's arrest and the subsequent search and seizure were legal, the record reveals that appellant has failed to properly preserve for appeal any error on this issue. The general rule is that a party who may be prejudiced by the improper admission of evidence should object as soon as it becomes apparent the evidence would be relied upon by the opposing party. *Lavicky v. State*, 632 P.2d 1234 (Okl.Cr.1981). By failing to object when evidence of the vials was presented at trial, appellant has waived any error.

Sentence is MODIFIED to four (4) years' imprisonment and otherwise judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

PARKS, J., specifically concurring.

PARKS, Judge, specially concurring:

While I do not agree that a confession of prior convictions under oath by the defendant leaves no question of fact to be decided by the jury, I am compelled by stare decisis to concur with the majority. *See Hanson v. State*, 716 P.2d 688, 690 (Okl.Cr.1986) (Parks, P.J., specially concurring).