## CALIFORNIA v. FREEMAN

No. A–602. Decided February 1, 1989

JUSTICE O'CONNOR, Circuit Justice.

The State of California requests that, as Circuit Justice, I stay the enforcement of the judgment of the Supreme Court of California pursuant to 28 U. S. C. §2101(f) pending the disposition of a petition for certiorari (No. 88–1054) to review that judgment. Because I think it unlikely that four Justices would vote to grant certiorari, see *Hicks* v. *Feiock,* 479 U. S. 1305, 1306 (1986) (O'CONNOR, J., in chambers), I deny the application for issuance of a stay.

In its petition for certiorari, California seeks review of the State Supreme Court's judgment reversing the conviction of respondent Freeman for pandering under Cal. Penal Code Ann. §266i (West 1988). 46 Cal. 3d 419, 758 P. 2d 1128 (1988). Freeman is a producer and director of pornographic films who hired and paid adults to perform sexual acts before his film cameras. In 1983, Freeman was arrested and charged with five counts of pandering based on the hiring of five such performers. He was not charged with violation of any of California's obscenity laws. Freeman

was tried before a jury and convicted on all five counts of pandering; the State Court of Appeal affirmed the judgment of conviction. 198 Cal. App. 3d 292, 233 Cal. Rptr. 510 (1987).

On discretionary review, the California Supreme Court first considered the relevant statutory language of the State Penal Code. In relevant part, § 266i of the Penal Code provides that a person is guilty of felonious pandering if that person "procure[s] another person for the purpose of prostitution . . . ." Prostitution, in turn, is defined in § 647(b) of the Penal Code as "any lewd act between persons for money or other consideration." Finally, "'for a "lewd" or "dissolute" act to constitute "prostitution," the genitals, buttocks, or female breast, of either the prostitute or the customer must come in contact with some part of the body of the other for the purpose of *sexual arousal or gratification of the customer or of the prostitute.*'" 46 Cal. 3d, at 424, 758 P. 2d, at 1130 (emphasis in original), quoting *People* v. *Hill*, 103 Cal. App. 3d 525, 534–535, 163 Cal. Rptr. 99, 105 (1980).

Interpreting these definitions of terms relevant to the state pandering statute, the State Supreme Court held that "in order to constitute prostitution, the money or other consideration must be paid *for the purpose of sexual arousal or gratification.*" 46 Cal. 3d, at 424, 758 P. 2d, at 1131 (emphasis in original). Applying this principle to Freeman, the court characterized the payments made to the performers as "acting fees" and held that "there is no evidence that [Freeman] paid the acting fees for the purposes of sexual arousal or gratification, his own or the actors'." *Id.*, at 424–425, 758 P. 2d, at 1131. Thus, the court held, "[Freeman] did not engage in either the requisite conduct nor did he have the requisite mens rea or purpose to establish procurement for purposes of prostitution." *Ibid.* In the succeeding section of its opinion, the California Supreme Court went on to observe that "even if [Freeman's] conduct could somehow be found to come within the definition of 'prostitution' literally, the appli-

cation of the pandering statute to the hiring of actors to perform in the production of a nonobscene motion picture would impinge unconstitutionally upon First Amendment values." *Ibid.*

California, in its petition for certiorari, would have us review this First Amendment holding of the State Supreme Court. I recognize that the State has a strong interest in controlling prostitution within its jurisdiction and, at some point, it must certainly be true that otherwise illegal conduct is not made legal by being filmed. I do not, however, think it likely that four Justices would vote to grant the petition because in my view this Court lacks jurisdiction to hear the petition. It appears "clear from the face of the [California Supreme Court's] opinion," *Michigan* v. *Long*, 463 U. S. 1032, 1041 (1983), that its analysis of the pandering provision of the State Penal Code constitutes an adequate and independent state ground of decision. Interpretations of state law by a State's highest court are, of course, binding upon this Court. *O'Brien* v. *Skinner*, 414 U. S. 524, 531 (1974); *Murdock* v. *City of Memphis*, 20 Wall. 590 (1875). Here, the California Supreme Court has decided that Freeman's hiring and paying of performers for pornographic films does not constitute pandering under § 266i of the California Penal Code. That is an adequate ground for reversing Freeman's conviction.

As I read the State Supreme Court's opinion, it is independent of federal law as well. This Court has held that where a state court has "felt compelled by what it understood to be federal constitutional considerations to construe and apply its own law in the manner it did . . . we have jurisdiction and should decide the federal issue; for if the state court erred in its understanding of our cases and of the First and Fourteenth Amendments, we should so declare, leaving the state court free to decide . . . 'suits according to its own local law.'" *Zacchini* v. *Scripps-Howard Broadcasting Co.*, 433 U. S. 562, 568 (1977), quoting *Missouri ex rel. Southern R.*

*Co.* v. *Mayfield,* 340 U. S. 1, 5 (1950). This does not appear to be such a case.

The discussion section of the California Supreme Court opinion is divided into two subsections, the first titled "The Statutory Language," the second titled "First Amendment Considerations." The state court's discussion of the language of the Penal Code, which concludes with the clear holding quoted above, is not "interwoven with the federal law." *Michigan* v. *Long, supra,* at 1040. Discussion of federal law—specifically the First Amendment—is strictly confined to the second subsection and constitutes an independent, alternative holding. Were we to review the state court's decision and hold that it had misinterpreted the strictures of the First Amendment, on remand the court would still reverse Freeman's conviction on state statutory grounds. This is precisely the result the doctrine of adequate and independent state grounds seeks to avoid. *Herb* v. *Pitcairn,* 324 U. S. 117, 126 (1945) ("We are not permitted to render an advisory opinion, and if the same judgment would be rendered by the state court after we corrected its views of federal laws, our review could amount to nothing more than an advisory opinion").

There is language early in the California Supreme Court's discussion section observing that "the prosecution of [Freeman] under the pandering statute must be viewed as a somewhat transparent attempt at an 'end run' around the First Amendment and the state obscenity laws. Landmark decisions of this court and the United States Supreme Court compel us to reject such an effort." 46 Cal. 3d, at 423, 758 P. 2d, at 1130. Nevertheless, in light of the subsequent clear holding based exclusively on the state pandering statute, as well as the State Supreme Court's doubts in its discussion of the First Amendment whether "[Freeman's] conduct could *somehow* be found to come within the definition of 'prostitution' literally," *id.,* at 425, 758 P. 2d, at 1131 (emphasis added), I conclude that the state court's statutory holding is inde-

pendent from its discussion of the First Amendment and was not driven by that discussion. Because the decision of the California Supreme Court rests on an adequate and independent state ground, the State of California's application for a stay of enforcement of the judgment of the California Supreme Court is denied.

*So ordered.*