Joseph Arthur **CARBRAY,**
Petitioner–Appellant,

v.

Ron **CHAMPION,** Warden,
Respondent–Appellee.

No. 89–5152.

United States Court of Appeals,
Tenth Circuit.

May 25, 1990.

Joseph Arthur Carbray, pro se.

Robert H. Henry, Atty. Gen., A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, Okl., for respondent-appellee.

Before McKAY, SEYMOUR and EBEL, Circuit Judges.

EBEL, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

In light of the Supreme Court's decision in *Clemons v. Mississippi,* — U.S. —, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) (which was decided while appellee's petition for rehearing was pending in this court), appellee's petition for rehearing is granted. Our opinion issued February 28, 1990 is withdrawn and our judgment is vacated.

Appellant Joseph Arthur Carbray is presently incarcerated in Oklahoma pursuant to a state conviction for the state-law crime of assault with a deadly weapon, after former conviction of a felony. The state trial judge imposed a 199–year sentence based on the recommendation of the jury.[1] On direct appeal, the Oklahoma Court of Criminal Appeals affirmed the conviction but modified the sentence to a 75–year term of imprisonment because of its conclusion that the prosecutor made prejudicial remarks during the sentencing phase of the trial proceedings. *See Carbray v. State,* 545 P.2d 813, 815–16 (Okla.Crim.App.1976). The prosecutor's prejudicial remarks concerned the possibility of pardon and parole, which apparently had significantly reduced the amount of time that the appellant had been incarcerated as a result of his earlier convictions. *Id.* Because the Oklahoma Court of Criminal Appeals concluded that those references contributed to the jury's assessment of the particular punishment in this case, the court concluded that the sentence should be reduced from 199 years to 75 years.

We believe that appellant has made a "substantial showing of the denial of a federal right" necessary for the issuance of a certificate of probable cause pursuant to 28 U.S.C. § 2253. *See Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). Accordingly, we grant appellant's application for a certificate of probable cause.

■ Appellant raises two issues in his petition for habeas corpus relief under 28 U.S.C. § 2254. First, appellant challenges the validity of those prior convictions which were used to enhance his present sentence. It appears from the record[2] that appellant

1. Under Oklahoma law, "upon the request of the defendant [the jury shall] assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict." Okla.Stat. Ann. tit. 22, § 926 (1971). Where the punishment imposed by the jury is within the limitations fixed by law, the trial court is bound by the jury's determination and must enter judgment accordingly and without modification. *See Luker v. State,* 552 P.2d 715, 719 (Okla.Crim. App.1976).

2. In its brief before this court, the state maintains that Carbray should have received no less than a twenty-year sentence under Okla.Stat. tit. 21, § 51(B) (1981) because he had been convicted of at least two felonies within the ten years prior to his conviction in this case. However, our review of the trial transcript and the briefs from the original Oklahoma appeal suggests that Carbray was tried and sentenced on October 25, 1974, under § 51, which at that time was not divided into subsections. In 1976, the legislature amended section 51, redesignating the entire former section as subsection A, and adding a subsection B. *See* Historical Note to Okla. Stat.Ann. tit. 21, § 51 (1981). The former section 51, now codified as section 51(A), establishes a ten-year minimum sentence for a defendant convicted of at least one prior felony. *See* Okla. Stat.Ann. tit. 21, § 51(A) (1981). In its 1975 brief before the Oklahoma Court of Criminal Appeals, the state twice indicated that Carbray had been sentenced pursuant to § 51, with no reference to subsections. *See* Appellee's Br. Before Oklahoma Court of Criminal Appeals, at 2–3. The obvious reason that the state never

was sentenced pursuant to the following provision of the Oklahoma recidivism statute:

> Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction is punishable therefor as follows:
>
> 1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five (5) years, such person is punishable by imprisonment in the penitentiary for a term not less than ten (10) years.

Okla.Stat. tit. 21, § 51(A)(1) (1981). Appellant argues that an invalid 1957 juvenile conviction was improperly used to enhance his sentence.

Although the 1957 juvenile conviction was stricken from the information and was not presented to the jury in the sentencing phase, appellant argues that four subsequent felony convictions were used to enhance his sentence and that they all resulted from the allegedly invalid 1957 juvenile conviction. Appellant contends that because of the 1957 conviction, he was reluctant to testify on his own behalf in three of the subsequent felony cases. Additionally, appellant maintains that the fourth of those convictions resulted from a trial in which the 1957 conviction was used to impeach his testimony.

" 'Under Oklahoma law, only one prior conviction is necessary to enhance a defendant's sentence.' " *Beavers v. Alford,* 582 F.Supp. 1504, 1506 (W.D.Okla.1984) (quoting *Anderson v. Brown,* No. 81–2247 (10th Cir., March 8, 1982) (unpublished opinion)). We note that one of the defendant's prior convictions, (Case No. 20–839), was based on a guilty plea. *See* R. Vol. I, Doc. 3, Addendum (Appellant's Br. before Oklahoma Court of Criminal Appeals at 8–9). Any connection between the 1957 conviction and the subsequent guilty plea conviction used to enhance appellant's present sentence is too attenuated to amount to constitutional error. Therefore, we affirm the district court's ruling that the enhancement of appellant's sentence was not constitutional error.

■ Appellant's second argument is that he was deprived of a liberty interest without due process when the Oklahoma Court of Criminal Appeals arbitrarily chose to resentence him to 75 years. *See Carbray v. State,* 545 P.2d 813, 815–16 (Okla.Crim. App.1976).[3] This question is controlled by *Hicks v. Oklahoma,* 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980).

In *Hicks,* the defendant had been sentenced to imprisonment for forty years by a jury which had been instructed that this

---

referred to § 51(B) is, that in 1975, § 51(B) had not yet been added. Moreover, in his closing statement at the sentencing phase of the trial, the prosecutor twice indicated that the minimum sentence that the jury could impose if they found Carbray guilty of assault with a deadly weapon after former conviction of a felony was ten years (the minimum under the unamended § 51). Trial Tr. at 234–35. Curiously, Carbray's pro se brief for post-conviction relief filed in 1989 did indicate that § 51(B) was the relevant sentencing provision. *See* Appellant's Br. Before Oklahoma Court of Criminal Appeals at 2.

In any event, because we hold that the exercise of discretion by the Oklahoma Court of Criminal Appeals in sentencing appellant to a seventy-five year term did not deprive appellant of any constitutionally protected liberty interest, *see infra,* whether that reduction of appellant's sentence was pursuant to the former § 51 (now § 51(A)) or § 51(B) is of no consequence to our decision. Both of those sections establish a minimum sentence and an indefinite maximum permissible sentence. The sentence imposed by

the Oklahoma Court of Criminal Appeals here thus falls within the permissible range under both sections.

3. The state argues that a prosecutor's comments at trial cannot form the basis for federal habeas corpus relief unless the trial was rendered so fundamentally unfair as to deny due process. Appellee's Brief at 4 (citing *Darden v. Wainwright,* 699 F.2d 1031, 1034 (11th Cir.1983) (subsequent history omitted)). However, the Oklahoma Court of Criminal Appeals concluded that the prosecutor's statements were sufficiently prejudicial to the defendant to merit modification of the sentence. Because that determination was never appealed, it cannot be challenged here, and is a final judgment as to the state. The initial sentence of 199 years is no longer valid because of that ruling of the Oklahoma Court of Criminal Appeals, and the only issue on this appeal is the validity of the new 75–year sentence.

was the mandatory sentence for the charged offenses. *Hicks,* 447 U.S. at 344, 100 S.Ct. at 2228. The Oklahoma Court of Criminal Appeals subsequently declared unconstitutional the mandatory sentencing statute under which the defendant was sentenced. *Id.* at 345, 100 S.Ct. at 2229. Thereafter, when the defendant appealed his sentence to the Oklahoma Court of Criminal Appeals, that court concluded that Hicks had not been prejudiced because the forty-year sentence was within the range of permissible sentences that could have validly been imposed under a different section of the habitual offender statute. *Id.*

The Supreme Court reversed, stating:

> Where ... a State has provided for the imposition of criminal punishment in the discretion of the trial jury, it is not correct to say that the defendant's interest in the exercise of that discretion is merely a matter of state procedural law. The defendant in such a case has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, ... and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State.

*Hicks,* 447 U.S. at 346, 100 S.Ct. at 2229 (citation omitted).

Our original opinion interpreted *Hicks* as establishing a liberty interest protected under the Fourteenth Amendment in having the convicting jury exercise its discretion under Okla.Stat. tit. 22, § 926 (1981) in every instance. We reached that conclusion based on our belief that *Hicks* prohibited the Court of Criminal Appeals from substituting its own discretion for that of the jury once it had determined the jury's verdict was the result of an invalid instruction. However, we failed to focus on lan-

guage in *Hicks* suggesting that, if authorized by state law, the Oklahoma Court of Criminal Appeals might be able to substitute its own independent judgment for that of the jury and resentence a defendant based on what it determined to be the valid, applicable law:

> In consequence, it appears that the right to have a jury fix the sentence in the first instance is determinative, at least as a practical matter, of the maximum sentence that a defendant will receive. Nor did the appellate court purport to cure the deprivation by itself reconsidering the appropriateness of the petitioner's 40-year sentence.

*Id.* at 347, 100 S.Ct. at 2230 (footnote omitted).[4]

The United States Supreme Court has recently confirmed what was implicitly suggested by that language in *Hicks.* In *Clemons v. Mississippi,* —— U.S. ——, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), the Court held that where a state appeals court determines that the jury-imposed death sentence was based in part on consideration of an invalid aggravating circumstance, the appellate court can reweigh the valid aggravating and mitigating circumstances and redetermine the sentence, even though the initial sentence had to be determined by the jury. In *Clemons,* the Court distinguished its holding in *Hicks,* concluding that "[w]e specifically pointed out [in *Hicks* ], however, that the Oklahoma Court of Criminal Appeals 'did not purport to cure the deprivation by itself reconsidering the appropriateness' of the 40-year sentence, *id.* at 347, 100 S.Ct. at 2230 (footnote omitted), thus suggesting that appellate sentencing, if properly conducted would not violate due process of law." *Clemons,* —— U.S. at ——, 110 S.Ct. at 1447. Thus, the Supreme Court has now made it clear that

---

**4.** In *Hicks,* neither the jury nor the appellate court exercised the discretion that was required by the section of the sentencing statute under which Hicks' sentence was ultimately affirmed. The jury had imposed a forty-year sentence under § 51(B) (which at that time made forty years the mandatory sentence). *See Hicks,* 447 U.S. at 344 n. 1, 100 S.Ct. at 2228 n. 1. The Oklahoma Court of Criminal Appeals merely said that the forty-year sentence could be af-

firmed because it was within the parameters of what was permitted under § 51(A) without attempting to determine whether forty years was the *appropriate* length of the sentence as a matter of discretion. *See id.* at 345, 100 S.Ct. at 2229. Here, by contrast, the Oklahoma Court of Criminal Appeals did exercise its discretion in determining the appropriate sentence to cure the prosecutorial misconduct that it found had occurred at the trial level.

if a state appellate court has authority to exercise its own discretion and to modify a jury sentence on appeal as a matter of state law, no due process violation occurs.

Appellant argues that the modification of his sentence by the Oklahoma Court of Criminal Appeals deprived him of a liberty interest without due process of law because "[u]nder Oklahoma law a defendant has a statutory right to have his sentence set by the jury which finds him guilty." *Clopton v. State*, 742 P.2d 586, 587 (Okla. Crim.App.1987). *See Dean v. State*, 778 P.2d 476, 478 (Okla.Crim.App.1989); Okla. Stat. tit. 22, § 926 (1981). However, the Oklahoma Court of Criminal Appeals has ruled that it has the authority as a matter of state law to modify a defendant's sentence on appeal.

In *Clopton v. State*, 742 P.2d 586, 587 (Okla.Crim.App.1987), the Oklahoma Court of Criminal Appeals held that "where the sentence has been modified to the minimum, the appellant has clearly suffered no prejudice from this Court's setting of the sentence, because the jury could not possibly have imposed a lesser punishment." *Id.* at 587. In *Clopton*, the jury was instructed that, if they found defendant guilty, under the Habitual Criminal Act the minimum sentence was a twenty-year prison term. *Id.* On appeal, the Oklahoma Court of Criminal Appeals held that the jury should have been instructed to impose a sentence under the Uniform Controlled Substance Act. *Id.* The minimum sentence under that statute for defendant's offense was four years. *Id.* The Court of Criminal Appeals held that "[w]e must,

therefore modify appellant's sentence to the minimum provided under the enhanced punishment provision of the Uniform Controlled Substance Act, which is four (4) years." *Id.*

*Clopton* would seem to suggest that the Oklahoma Court of Criminal Appeals' discretion in modifying sentences is limited to reducing a sentence to the statutory minimum. However, that court has reduced sentences to levels *above the statutory minimum* in cases involving prosecutorial misconduct at trial. *See Massingale v. State*, 713 P.2d 15 (Okla.Crim.App.1986); *Freeman v. State*, 681 P.2d 84 (Okla.Crim. App.1984). It is not at all clear to us why the Oklahoma Court of Criminal Appeals has apparently drawn a distinction between cases involving prejudicial prosecutorial misconduct during trial and cases where the prejudice results from a jury instruction relying on an inapplicable statute, *see*, *e.g.*, *Clopton v. State*, 742 P.2d 586, 587 (Okla.Crim.App.1987), or from a statute subsequently declared invalid, *see*, *e.g.*, *Nipps v. State*, 626 P.2d 1349 (Okla.Crim. App.1981). However, the Oklahoma Court of Criminal Appeals evidently has drawn that distinction as a matter of state law.[5]

It appears that the Oklahoma Court of Criminal Appeals has done in this case precisely what the Supreme Court held was permissible in *Clemons*. After concluding that the prosecutor's remarks constituted prejudicial misconduct, the Oklahoma Court of Criminal Appeals held that "justice dictates our modification of the defendant's sentence from a term of one hundred ninety-nine (199) years' imprisonment

---

**5.** *Shaw v. Johnson*, 786 F.2d 993 (10th Cir.), *cert. denied*, 479 U.S. 843, 107 S.Ct. 154, 93 L.Ed.2d 95 (1986), is consistent with this approach because it may be viewed as a harmless-error case. In *Shaw*, the defendant was originally convicted and sentenced by a jury that had been erroneously instructed that the minimum statutory sentence for the charged offense was twenty years. *Id.* at 997. The jury convicted the defendant and imposed a sentence of life imprisonment. *Id.* On appeal, the Oklahoma Court of Criminal Appeals recognized that the correct minimum sentence was ten years and reduced the life sentence to forty-five years. *Id.* On appeal of the denial of his habeas corpus petition, this court held that defendant was not

prejudiced by any error in the sentencing instruction because it was not likely to have affected the actual sentence in that case since the jury had returned a life sentence. *Id.* at 998. Therefore, any erroneous instruction concerning the minimum sentence possible was harmless error.

In *Shaw*, the court said "a jury did fix [the defendant's] sentence, at the maximum allowed by statute, and the Oklahoma Court of Criminal Appeals, acting under its discretionary statutory authority, reduced the sentence fixed by the jury. Such is permissible under Oklahoma law and does not, in our view, offend the federal constitution in any manner." *Id.*

to a term of seventy-five years' imprisonment." *Carbray v. State*, 545 P.2d 813, 816 (Okla.Crim.App.1976). This action represents a determination by the highest criminal court of Oklahoma that the new 75–year sentence is appropriate and that it has the authority, as a matter of state law, to so modify sentences under these circumstances. Therefore, we hold that the modification of appellant's sentence by the Oklahoma Court of Criminal Appeals did not deprive appellant of any liberty interest in violation of the Due Process Clause of the United States Constitution. Accordingly, the judgment of the district court is AFFIRMED.