James L. LIVINGSTON & Terry
Eugene Bennett, Petitioners,

v.

The STATE of Oklahoma, Respondent.

Nos. H–90–0334, H–90–0336.

Court of Criminal Appeals of Oklahoma.

June 27, 1990.

**1056** ■ ■

James L. Livingston, pro se.

Terry Eugene Bennett, pro se.

---

## ORDER DENYING WRIT OF HABEAS CORPUS

Petitioners have individually filed with this Court *Pro Se* Petitions for A Writ of Habeas Corpus or in the alternative a Petition for a Writ of Mandamus or in the alternative a Petition for Post–Conviction Relief. Petitioners, co-defendants in Case No. CRF–74–3025 from the District Court of Oklahoma County, contend that they are entitled to have their sentences of life imprisonment modified to the minimum sentence of five (5) years pursuant to *Carbray v. Champion,* No. 89–5152, (10th Cir. Feb. 28, 1990). As they have fully served five years imprisonment, Petitioners further argue that they are entitled to immediate release. For purposes of this appeal, we have consolidated the Petitioners' requests for relief.

A brief review of the procedural history of the Petitioners' case reveals that a direct appeal of their convictions for Robbery with Firearms was perfected to this Court.

The convictions were affirmed in *Bennett and Livingston v. State,* 546 P.2d 659 (Okl. Cr.1976), but the prison sentences of two-hundred and fifty (250) years were modified to life imprisonment on the basis of prosecutorial misconduct in the closing argument. Petitioner Livingston further appealed to this Court for a Writ of Habeas Corpus alleging that the prior modification of his sentence was in abrogation of his due process rights in light of *Hicks v. Oklahoma,* 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980). This Court denied relief on that claim in *Livingston v. State,* 614 P.2d 1118 (Okl.Cr.1980).

Petitioners now allege that they are identically situated to the appellant in *Carbray v. Champion* and thus are entitled to similar relief. However, since the filing of Petitioners' request for relief, *Clemons v. Mississippi,* —— U.S. ——, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), was decided by the United States Supreme Court. In light of *Clemons,* the Tenth Circuit Court of Appeals granted the appellee's pending petition for rehearing and withdrew the *Carbray* opinion of February 28, 1990, (upon which Petitioners rely). The Court vacated the judgment and issued a new opinion on May 25, 1990. See *Carbray v. Champion,* 905 F.2d 314, (10th Cir.1990). The new opinion recognizes that an appellate court has the inherent ability to reweigh cases as a matter of State law and take certain steps to rectify error, including a modification of the sentence. Although the authority upon which Petitioners rely no longer supports their position, it behooves this Court to review that decision and to fully set forth this Court's authority, under the laws of the State of Oklahoma, to modify a defendant's sentence on appeal so as to dispel the Tenth Circuit's improper interpretation of our state law, federal law not withstanding.

In the *Carbray* case the defendant was sentenced by the state trial judge, upon recommendation by the jury, to serve a prison term of one hundred ninety-nine (199) years. On direct appeal, this Court modified that sentence to seventy-five (75) years because of prosecutorial misconduct

in the second stage. Appealing the denial of a writ of Habeas Corpus to the Tenth Circuit, Appellant Carbray argued that he was deprived of a liberty interest without due process by this Court's arbitrary decision to resentence him. In its original opinion, the Tenth Circuit determined that the question was controlled by *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1990), which established that the defendant has a liberty interest protected under the Fourteenth Amendment in having the convicting jury exercise its discretion under 22 O.S. 1981, § 926. In its re-issued opinion, the Tenth Circuit admitted that this conclusion was based upon its failure to focus on language in *Hicks* suggesting that, if authorized by state law, this Court might be able to substitute its own independent judgment for that of the jury and sentence a defendant based on what it determines to be the valid, applicable law.

Further, in the opinion on rehearing, the Tenth Circuit recognized that this Court has ruled as a matter of state law, it has the authority to modify a defendant's sentence on appeal. The Court acknowledged that our review of the appropriateness of the sentence in Carbray's direct appeal, in light of the prejudicial misconduct, and the resentencing, in the interests of justice, was the same procedure held permissible in *Clemons v. Mississippi*.

█ Although the Tenth Circuit acknowledged this Court's interpretation of state law, their decision rested on constitutional grounds; that the modification of a sentence by this Court did not deprive appellant Carbray of any liberty interest in violation of the Due Process Clause of the United States Constitution. In so doing, the Court ignored the fact that our decision to modify the sentence in Carbray's direct appeal was based upon our interpretation of state law. As we did not undertake an analysis of federal law but rested our conclusion on independent state grounds, this Court's findings were entitled to a pre-

sumption of correctness by the federal court.

█ It is the general rule that when a state court decision rests upon adequate and independent state grounds, the federal courts will not undertake to review the decision because they are without authority to review State determinations of purely State laws. *International Longshoremen's Association, AFL–CIO v. Davis*, 476 U.S. 380, 388, 106 S.Ct. 1904, 1910, 90 L.Ed.2d 389 (1986), *Michigan v. Long*, 463 U.S. 1032, 1041–1042, 103 S.Ct. 3469, 3476–3477, 77 L.Ed.2d 1201 (1983). Interpretations of state law by a State's highest court are binding upon federal courts. *California v. Freeman*, — U.S. —, 109 S.Ct. 854, 856, 102 L.Ed.2d 957 (1989).

█ Further, state court proceedings are accorded a presumption of correctness under 28 U.S.C., § 2254(d), when the appellant petitions the federal courts for habeas corpus relief (as did Carbray). *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). This presumption of correctness is equally applicable when a state appellate court makes the findings of fact. *Id.* The presumption of correctness is inapplicable only when one or more of seven listed factors exist, or the federal court concludes the state court findings of fact are "not fairly supported by the record." *Sumner v. Mata*, 455 U.S. 591, 593–594, 102 S.Ct. 1303, 1304, 71 L.Ed.2d 480 (1982) (known as *Sumner II*). See also *Hunt v. Oklahoma*, 683 F.2d 1305, 1309 (10th Cir.1982). We do not believe that any of these factors are applicable here.

The re-issued opinion of the Tenth Circuit indicates that this Court has been less than clear in setting forth our procedures, and supporting authority, to be used when it becomes necessary to modify a defendant's sentence. This Court's appellate review of a sentence imposed by a trial court is governed by two state statutes. Title 22 O.S. 1981, § 926 [1] provides that a jury may assess punishment when:

---

**1.** This provision is activated *only* upon the defendant's *affirmative request* that the jury set his

sentence. *See Dean v. State,* 778 P.2d 476, 478 (Okl.Cr.1989).

In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury *may,* and *shall upon the request* of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided. (emphasis added)

Title 22 O.S.1981, § 1066,[2] provides in pertinent part:

The appellate court may reverse, affirm or modify the judgment appealed from, and may, if necessary or proper, order a new trial.

It is a general rule of statutory construction that when two statutes address the same subject matter both provisions are to be given effect, if such effect would not defeat the intent of the Legislature. *State v. Smith,* 539 P.2d 754, 757 (Okl.Cr.1975), *Oklahoma Natural Gas Company v. State ex rel. Vassar,* 187 Okl. 164, 101 P.2d 793 (1940). We see no reason why both of the above provisions cannot be given effect. Section 926 gives a defendant the statutory right to have a jury initially set his sentence upon his request. Any expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of this statutory procedure is subject to this Court's statutory power of appellate review set forth in Section 1066 to modify or reverse a judgment and/or sentence found not to be supported by the law and the evidence and which does not promote the interests of justice.

Section 1066 confers upon this Court the power to review the entire record to determine the appropriateness of the judgment and the sentence. In reviewing the sentence imposed, this Court will exercise its authority to modify a sentence only when, after a review of the entire record, the sentence is so excessive as to shock the conscience of the Court and it is apparent that injustice has been done. *Huntley v.*

*State,* 750 P.2d 1134, 1136 (Okl.Cr.1988), *Grubbs v. State,* 413 P.2d 328 (Okl.Cr. 1966), *Driskell v. State,* 293 P.2d 638, 639 (Okl.Cr.1956). Section 1066 does not require, nor has this Court so interpreted that section, as a mandate to modify to the minimum statutory sentence when modification is necessary.

This interpretation is consistent with *Hicks.* The substantial and legitimate expectation held by a defendant that he will be deprived of his liberty *only* to the extent determined by the jury, which was recognized in *Hicks,* has not been infringed. To the contrary, under this Court's appellate review of the appropriateness of a sentence a defendant may receive a benefit. Any modification of a sentence by this Court is a reduction in the term set by the jury, not an increase. It is not a violation of either a statutory right or a constitutional right for this Court to lessen the punishment fixed by the jury.

In its original opinion, the Tenth Circuit singled out *Clopton v. State,* 742 P.2d 586 (Okl.Cr.1987), as effecting a change in state law. The Court concluded that under Oklahoma law when prejudicial error occurred in the second stage, this Court could only modify the defendant's sentence to the minimum sentence which the jury could impose. In its re-issued opinion, the Court states that *Clopton* suggests that our discretion is limited to reducing sentences to the statutory minimum, but then recognizes cases wherein we reduced sentences to levels above the statutory minimum. The Court commented that it is not clear why we have made a distinction between cases involving prejudicial prosecutorial misconduct during trial and cases where the prejudice results from a jury instruction relying on an inapplicable statute.

In *Clopton* the jury was instructed to impose sentence under the Habitual Offender Act rather than the provisions of the Uniform Controlled Substance Act. The defendant was sentenced to the minimum twenty (20) years. On direct appeal,

---

**2.** Title 22 O.S.Supp.1990, § 929 and § 1066 now allows this Court the option of remanding for resentencing in a non-capital case.

this Court determined the jury to have been improperly instructed and that the Appellant should have been sentenced under the Uniform Controlled Substance Act. The sentence was modified to the statutory minimum, four (4) years, provided by the Controlled Substances Act. This Court found the jury's recommendation of punishment as the statutory minimum sentence to be an indication of the jury's intention to give the minimum punishment; thus when modification became necessary, we modified the sentence to the minimum in accordance with the jury's decision. Contrary to the Tenth Circuit's interpretation, this Court has not interpreted *Clopton* as setting forth a general rule that when prejudicial error occurs in the sentencing stage, this Court will only modify to the statutory minimum.

This is not to say that this Court has not in the past, nor will it refrain from in the future, modified the sentences in particular cases to the statutory minimum. However, a review of our prior decisions shows that in none of these cases, including *Clopton*, was it held mandatory to modify to the statutory minimum. *See e.g. Moore v. State*, 736 P.2d 996, 999 (Okl.Cr.1987), *Delfrate v. State*, 732 P.2d 900, 902 (Okl.Cr. 1987), *Johnston v. State*, 673 P.2d 844, 850 (Okl.Cr.1983), *Castor v. State*, 499 P.2d 948, 953 (Okl.Cr.1972).

 The reduction in sentence necessary to cure trial error is determined by the particular circumstances of each case, and the belief that the interests of justice would be best served by modification to a particular term of years. It is not the type of error which determines whether it is necessary to modify the sentence or to what level it will be modified. It is the effect of that error, determined by our appellate review of all the facts and circumstances of the case, on the fundamental fairness of the trial and the appropriateness of the punishment.

The Tenth Circuit's recognition of this Court's authority in its re-issued *Carbray* opinion is consistent with its previous decision in *Shaw v. Johnson*, 786 F.2d 993 (10th Cir.1986). In *Shaw*, the Tenth Circuit specifically upheld this Court's authority to review and modify a sentence, fixed in the first instance by the jury. Appellant Shaw was charged with four prior felony convictions. The jury was instructed that if it found one prior felony conviction, the sentence must be no less than twenty (20) years and no more than life, but if the State failed to prove any prior felony convictions, the sentence should be not less than five (5) years nor more than life. Shaw was sentenced to life imprisonment. On appeal, this Court determined that the jury was improperly instructed on the minimum sentence to be applied in the event the defendant was found to have suffered one prior felony conviction. Instead of a twenty (20) year minimum sentence, the actual minimum was ten (10) years. This Court modified the sentence to forty-five (45) years.

On appeal to the Tenth Circuit, Shaw relied on *Hicks* and argued that this Court could not resentence and the case should have been sent back to the trial court for resentencing by a jury. The Tenth Circuit determined that *Hicks* did not apply stating that the jury in *Hicks* was only instructed as to a mandatory forty (40) year sentence. If they had not been so instructed, they might have come in with a lesser sentence. In *Shaw*, the jury was instructed that the range of punishment was twenty (20) years to life. In selecting life, the jury chose the upper limit. The court said it would be pure speculation to suppose that the jury would have imposed something less than life in prison had it been properly instructed on the possible minimum sentence. The court further rejected the argument that this Court's modification of the sentence interfered with appellant's right to have a jury fix his sentence. Recognizing our statutory provision for jury sentencing, the court found that provision was met when a jury did initially set the sentence, a sentence which was set at the maximum allowed by statute. Acknowledging our statutory provision authorizing appellate review, the Tenth Circuit held that this Court's reduction of the sentence, pursuant to its discretionary statutory authority,

was permissible under Oklahoma law and not offensive to the federal constitution.

 Applying the above principles to the present case, we find that Petitioners' authority does not support their claim for immediate release. The modification of their sentences from two hundred and fifty (250) years to life imprisonment was a proper exercise of our statutory authority to review the appropriateness of the sentence imposed. The reduction in sentence to a term greater than the minimum which could have been imposed by the jury was not violative of the Petitioners' statutory right to have a jury initially set his sentence, if timely requested. We do not need to address the issue of whether a request was made prior to trial to have the jury assess a sentence in this case. Accordingly, Petitioners' request for relief is DENIED.

IT IS SO ORDERED.

/s/ Ed Parks
Ed Parks, Presiding Judge
/s/ James F. Lane
James F. Lane,
Vice Presiding Judge
/s/ Tom Brett
Tom Brett, Judge
/s/ Gary L. Lumpkin
Gary L. Lumpkin, Judge
/s/ Charles A. Johnson
Charles A. Johnson, Judge