951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roger Bernard THOMPSON, Petitioner-Appellant,
v.
Jack COWLEY, Warden; and Attorney General, of the State of
Oklahoma, Respondents-Appellees.
 No. 91-5089.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1991.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this panel. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is a pro se appeal by a state prisoner from the denial of a petition for a writ of habeas corpus. Petitioner asserts a "Liberty Interest" in being sentenced to a term of years by a jury. He claims this interest was violated when the Oklahoma Court of Criminal Appeals vacated his sentence of 200 years because of prosecutorial misconduct and sentenced him instead to a term of 100 years. The district court dismissed the petition upon the holding of Carbray v. Champion, 905 F.2d 314 (10th Cir.1990), cert. denied, 111 S.Ct. (1991), in which we said:
 
 
 3
 It appears that the Oklahoma Court of Criminal Appeals has done in this case precisely what the Supreme Court held was permissible in Clemons. [ Clemons v. Mississippi, 494 U.S. 738 (1990) ]. After concluding that the prosecutor's remarks constituted prejudicial misconduct, the Oklahoma Court of Criminal Appeals held that "justice dictates our modification of the defendant's sentence from a term of one hundred ninety-nine (199) years' imprisonment to a term of seventy-five years' imprisonment." This action represents a determination by the highest criminal court of Oklahoma that the new 75-year sentence is appropriate and that it has the authority, as a matter of state law, to so modify sentences under these circumstances. Therefore, we hold that the modification of appellant's sentence by the Oklahoma Court of Criminal Appeals did not deprive appellant of any liberty interest in violation of the Due Process Clause of the United States Constitution.
 
 
 4
 905 F.2d at 318-19 (citation omitted).
 
 
 5
 Although petitioner attempts to distinguish the case by claiming he also has attacked the original jury sentence of 200 years, we have not found that contention in his original petition. To the extent such an attack has been mounted, it has been done so for the first time in this court. For that reason we will not address the issue. We agree with the district court that the outcome of this case is controlled by Carbray.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3