963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Allen Wayne ELDRIDGE, Petitioner-Appellant,
v.
H.N. SCOTT, Warden; the Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 92-7001.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Allen Eldridge appeals, pro se, the denial of habeas relief.
 
 
 3
 Mr. Eldridge was convicted in state court of first degree rape after former conviction of two or more felonies and was sentenced to fifty years in prison. The Oklahoma Court of Criminal Appeals affirmed the conviction but modified the sentence to twenty years. Mr. Eldridge unsuccessfully pursued post conviction relief.
 
 
 4
 Mr. Eldridge filed his pro se habeas conviction in the United States District Court asserting: (1) "erroneous afterformer"; (2) improper jury instructions; and (3) an improper Allen charge.
 
 
 5
 The district court held Mr. Eldridge was not deprived of due process when the state criminal appeals court modified defendant's sentence to twenty years as it represented the minimum allowable statutory sentence. See Carbray v. Champion, 905 F.2d 314 (10th Cir.1990) (where state court reduces sentence to a permissible term, appellant suffers no prejudice amounting to a due process violation). The district court determined the state trial court record failed to support defendant's remaining assertions and denied Mr. Eldridge habeas relief.
 
 
 6
 Mr. Eldridge appeals, pro se, asserting: (1) his sentence is null and void as it is excessive; (2) one of his prior convictions was not final; (3) one of his prior convictions was a misdemeanor; and (3) the district court's factual findings are clearly erroneous. He asserts he is entitled to a lesser minimum sentence.
 
 
 7
 In order for us to reach the conclusion urged by Mr. Eldridge, we would first have to ignore the factual findings of the Oklahoma courts, and this we are not permitted to do. Second, Mr. Eldridge is now raising issues and factual assertions that were not raised before the trial court. Third, the record on appeal fails to disclose Mr. Eldridge exhausted in the state court the issues he is now raising in this appeal. Fourth, the record on appeal fails to support Mr. Eldridge's contentions. Finally, Mr. Eldridge fails to persuade us the district court's decision was erroneous.
 
 
 8
 The judgment of the district court is AFFIRMED for substantially the same reasons set forth in the district court's order dated and entered December 23, 1991.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3