61 F.3d 915
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jimmy L. BEAIRD, Petitioner-Appellant,
v.
R. Michael CODY, Respondent-Appellee.
 No. 95-6061
(D.C.No. CIV-94-1291-C)
 United States Court of Appeals, Tenth Circuit.
 July 19, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-Appellant Jimmy L. Beaird ("Beaird") brought this action for habeas corpus relief under 28 U.S.C. 2254. Beaird alleged that (1) both his trial and appellate counsel were ineffective because they failed to challenge his punishment as outside of the allowable range under Oklahoma law; (2) he should have been allowed to withdraw his guilty plea because it was based on incorrect information about the sentence he would receive--i.e. it was not a knowing guilty plea; and (3) he was improperly sentenced under Oklahoma law--i.e. he should have received the same five-year sentence as his co-defendant. The Magistrate issued a report recommending that each of these contentions were meritless and that Beaird's claims were frivolous so as to preclude him from proceeding in forma pauperis. The district court accepted these recommendations and dismissed Beaird's claims for relief. Beaird filed this appeal. For the reasons set forth below, we AFFIRM.[2]
 
 BACKGROUND
 
 3
 After the state charged him with First Degree Robbery, Okla. Stat. tit. 21 797, Beaird chose to contest the charges at trial and to testify in his own defense. While testifying, Beaird admitted that he perpetrated the robbery in question. R.O.A., Moore-Grotta and Jacques Affidavit p 2. After the jury announced that it had reached, but before it had announced, its verdict, Beaird agreed to plea guilty to First Degree Robbery. Id. At sentencing, the prosecution asserted that Beaird had committed two previous felonies, and thus, should be sentenced to committing robbery after two former felony convictions. The judge accepted this assertion and sentenced Beaird to 25 years in prison, while Beaird's co-defendant only received 5 years in prison.
 
 
 4
 Beaird failed to file a timely appeal of his sentence, but, in a petition for post-conviction relief, he contended that his due process rights were violated because he did not knowingly plead guilty to the crime of first degree robbery after two former felonies. The Oklahoma Court of Criminal Appeals accepted this claim of error, but ruled that it did not need to modify the sentence or offer Beaird an opportunity to withdraw his guilty plea because Beaird did not challenge the underlying guilty plea to First Degree Robbery and, even discounting the enhancement, he was sentenced to an acceptable sentence under Oklahoma law. See R.O.A., Summary Order Granting but Denying Relief on Petition for Writ of Certiorari at 2; Okla. Stat. tit. 21 798 (First Degree Robbery punishable by a minimum of ten years imprisonment). Beaird then brought this petition for a writ of habeas corpus. The district court rejected each of Beaird's claims for relief. Beaird now appeals.
 
 DISCUSSION
 
 5
 The core of Beaird's claims for relief is that he received an incorrect sentence under Oklahoma law. That is, his claims that (1) he was not fully informed about the consequences of his guilty plea; and (2) his counsel was ineffective, both rely on the allegation that he was prejudiced by the fact that his sentence was enhanced by the former convictions. However, the Oklahoma Court of Criminal Appeals affirmed his sentence without consideration of the former convictions or any enhancement because his 25-year sentence fell within the acceptable range for first degree robbery, invoking Livingston v. State, 795 P.2d 1055, 1058 (Okl.Crim.App.1990), cert. denied, 498 U.S. 1031 (1991).
 
 
 6
 Livingston explained that the Oklahoma Court of Criminal Appeals enjoys the power to reduce sentences to cure any trial error based on "the particular circumstances of each case, and the belief that the interests of justice would be best served by modification to a particular term of years." 795 P.2d at 1059. Moreover, we have held that a state appellate court's reconsideration of (and decision to modify) an improper sentence cures any trial error and precludes the defendant from challenging the legality of that sentence in a petition for a writ of habeas corpus. Carbray v. Champion, 905 F.2d 314, 317-18 (10th Cir.1990), cert. denied, 498 U.S. 1072 (1991). Thus, given that the Oklahoma Court of Criminal Appeals determined that, as a matter of state law, Beaird was not entitled to a different sentence for the offense to which he pled guilty, we cannot conclude that Beaird's counsel or guilty plea were constitutionally defective.[3] Therefore, the district court correctly rejected his claims for relief.
 
 CONCLUSION
 
 7
 For the reasons stated above, we AFFIRM the judgment of the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 However, we now grant Petitioner's application to proceed in forma pauperis pursuant to 28 U.S.C.1915(a). We also grant Petitioner's request for a Certificate of Probable Cause pursuant to 28 U.S.C. 2253
 
 
 [3]
 Needless to say, we also conclude that Beaird lacks any federal right to be resentenced