FILED
United States Court of Appeals
Tenth Circuit

November 18, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOE LYNN PADDOCK,

      Petitioner-Appellant,

v.

STATE OF OKLAHOMA; ERIC
FRANKLIN, Warden,

      Respondents-Appellees.

No. 08-6114

(D.C. No. CV-05-00707-R)
(W. D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

Joe Lynn Paddock, an Oklahoma state prisoner, seeks a certificate of appealability

(COA) in order to challenge the district court's denial of his 28 U.S.C. § 2254 application

for federal habeas relief.  Because Paddock has failed to satisfy the standards for the

issuance of a COA, we deny his request and dismiss the matter.

I.

In 2003, Paddock was tried by a jury in the District Court of Logan County,

Oklahoma, and convicted of eight criminal offenses: Count I, conspiracy to manufacture a

controlled dangerous substance, after former felony conviction; Count II, unlawful

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.

possession of a controlled dangerous substance (methamphetamine) with intent to distribute, after former felony conviction; Count IV, knowingly concealing stolen property, after former felony conviction; Count V, driving with a suspended license; Count VI, operating a vehicle with an expired tag and decal; Count VII, failure to carry security verification; Count VIII, unlawful possession of a radio set capable of receiving law enforcement transmissions, after former felony conviction; and Count IX, possession of a controlled dangerous substance without a tax stamp, after former felony conviction. The trial judge, in accordance with the jury's recommendations, sentenced Paddock to fifty years' imprisonment on each of Counts I and II, ten years' imprisonment on each of Counts IV, VIII, and IX, one year imprisonment on Count V, time served on Count VI, and thirty days in the county jail on Count VII. The sentences on Counts I and II were ordered to be served consecutively, and the remaining sentences were ordered to be served concurrently to each other and the sentence on Count II.

Paddock filed a direct appeal alleging, in pertinent part, that repeated instances of prosecutorial misconduct deprived him of his right to a fair trial and resulted in the jury recommending imposition of the maximum possible term of incarceration on each count of conviction. The OCCA, reviewing for plain error, agreed that "the prosecutor made repeated references during the trial concerning [Paddock's] exercise of his Constitutional right to remain silent and personal attacks that had no relevance except to influence the jury." Paddock v. State, No. F-2003-336, slip op. at 2-3 (Okla. Crim. App. June 23, 2004). The OCCA concluded that the error "was harmless as to guilt, but not harmless

2

with respect to sentencing." Id. at 3. Accordingly, the OCCA modified Paddock's sentences on Counts I and II "to twenty-five (25) years, to be served consecutively to each other and the sentences on Counts IV, V, VI, VII, and IX, to be served concurrently with Count II and with each other."[1] Id.

On June 21, 2005, Paddock, appearing pro se, initiated these federal habeas proceedings. Paddock's petition asserted only the prosecutorial misconduct claim he had previously raised on direct appeal. On November 17, 2006, the magistrate judge assigned to the case issued a report and recommendation concluding that "the OCCA's decision that the instances of prosecutorial misconduct were harmless as to the jury's finding of guilt [wa]s not contrary to or an unreasonable application of Supreme Court law." ROA, Doc. 16 at 3. More specifically, the magistrate judge concluded that, "in light of the substantial evidence of P[addock]'s guilt presented at his trial, . . . none of the[] instances of alleged prosecutorial misconduct so infected his trial with unfairness as to render his conviction a denial of due process." Id. at 21 (citing Donnelly v. DeChristoforo, 416 U.S. 637, 645 (1974)). The magistrate judge further concluded that, "[t]o the extent [Paddock] s[ought] habeas relief in the form of further sentence modification, . . . such claim fail[ed]." Id. at 5. In support of this conclusion, the magistrate judge noted that the two sentences modified by the OCCA on direct appeal, were "well within the maximum sentence of life set by the Oklahoma legislature for such offenses by a prior convicted

---

[1] Judge Chapel filed a concurring/dissenting opinion agreeing with the decision to modify Paddock's sentences, but voting to run all sentences concurrently.

felon." Id. On December 15, 2006, the district court issued an order adopting the report and recommendation in part, but remanding the matter to the magistrate judge "to address the issue of whether prosecutorial misconduct affected the jury's recommendation as to how the sentences on Counts One and Two were to be served." Id., Doc. 18 at 2.

On February 29, 2008, the magistrate judge issued a supplemental report and recommendation concluding that Paddock was "not entitled to habeas relief based on his allegation that prosecutorial misconduct resulted in the imposition of consecutive sentences." Id., Doc. 21 at 5. The magistrate judge offered six reasons in support of this conclusion. First, the magistrate judge noted that "[t]he Oklahoma Legislature ha[d] vested sentencing judges with the authority to order sentences to be served concurrently or consecutively," id., and that, "[e]ven assuming the prosecutor's remarks influenced the jury's recommendation of consecutive sentences, the trial judge, as provided by Oklahoma law, reviewed the jury's recommendations and in his discretion determined that P[addock]'s sentences in Counts One and Two were to be served consecutively," id. at 5-6. Thus, the magistrate judge noted, Paddock's "consecutive sentencing claim [wa]s in essence a challenge to the trial court's exercise of discretion under the authority of state law – a claim that does not provide a basis for granting federal habeas relief." Id. at 7. Second, the magistrate judge noted that, on direct appeal, the OCCA found merit to Paddock's claim of prosecutorial misconduct and modified his "sentences for his convictions in Counts One and Two from fifty years on each count to twenty-five years on each count." Id. "These [modified] sentences," the magistrate judge noted, "as

4

enhanced under Oklahoma's general recidivist statute . . . , were well below the maximum punishment of life imprisonment authorized under Oklahoma law." Id. Third, the magistrate judge noted that "if a state appellate court has authority to exercise its own discretion and modify a jury sentence on appeal as a matter of state law," which the OCCA did under state law, "no due process violation occurs when it does so." Id. at 8 (citing Carbray v. Champion, 905 F.2d 314, 317-18 (10th Cir. 1990), and Clemons v. Mississippi, 494 U.S. 738, 746 (1990)). Fourth, the magistrate judge noted that Paddock "ha[d] provided no relevant Supreme Court law that would demonstrate that the OCCA's modification of [his] sentences in Counts One and Two and the determination that such sentences [we]re to be served consecutively violate[d] [his] rights under the federal constitution." Id. Fifth, the magistrate judge noted that Paddock had "wholly fail[ed] to show that either the trial judge or the OCCA increase[d] [his] sentence beyond the maximum authorized statutory sentence or engaged in factfinding that resulted in increased punishment with respect to [his] sentences in Counts One and Two," and thus had failed to establish any violation of his Sixth Amendment rights. Id. at 10. Finally, and relatedly, the magistrate judge noted that "the Oklahoma legislature ha[d] created a presumption that" multiple sentences "w[ould] be served consecutively," and therefore criminal defendants, such as Paddock, did "not have the legal right to concurrent sentencing." Id. at 10-11. Paddock neither filed objections to the magistrate judge's

5

report nor sought an extension of time to do so.[2]  Accordingly, on March 27, 2008, the district court adopted the report in its entirety and denied Paddock's habeas petition.

The district court subsequently, in response to Paddock's notice of appeal, denied him a COA.  Paddock has now filed a formal application for a COA with this court.

II.

Issuance of a COA is jurisdictional.  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

In assessing whether Paddock has made these showings, we do not undertake a

_____

[2] Although we normally apply a "firm waiver rule," under which a timely objection to the magistrate judge's report and recommendation is a condition for appellate review, e.g., Wardell v. Duncan, 470 F.3d 954, 958 (10th Cir. 2006), Paddock asserts on appeal that he did not receive a copy of the magistrate judge's supplemental report and recommendation through the prison mail system, and was unaware of it until he received the district court's order adopting the report and denying his habeas petition.  Assuming these allegations to be true, we conclude that the interests of justice dictate suspending our "firm waiver" rule and reviewing the merits of Paddock's request for a COA.  See id.

6

"full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 323. Rather, "[t]he COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Id.

With these principles in mind, we have carefully reviewed Paddock's appellate pleadings and the record on appeal. We conclude, for substantially the same reasons set forth in the magistrate judge's supplemental report and recommendation, that Paddock has failed to establish his entitlement to a COA. In particular, we conclude that reasonable jurists could not debate whether the OCCA's modification of Paddock's sentences on direct appeal was both authorized under Oklahoma law and in accord with due process. See Okla. Stat. tit. 22, § 1066 (2008) ("The appellate court may reverse, affirm or modify the judgment or sentence appealed from . . . ."); Carbray, 905 F.2d at 318 ("[I]f a state appellate court has authority to exercise its own discretion and to modify a jury sentence on appeal as a matter of state law, no due process violation occurs.").

We therefore DENY Paddock's request for a COA and DISMISS the matter. We GRANT Paddock's motion to proceed in forma pauperis on appeal.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

7